IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF TEXAS
FORT WORTH DIVISION

| | | |
|---|---|---|
| **NOE PARAMO CASTANEDA,** § | | |
| **(BOP No. 58093-177),** § | | |
| § | | |
| Plaintiff, § | | |
| § | | |
| v. § | | Civil Action No. 4:23-cv-506-O |
| § | | |
| **GREG A. JONES, et al.,** § | | |
| § | | |
| Defendants. § | | |

**MEMORANDUM OPINION and ORDER OF DISMISSAL
UNDER 28 U.S.C. §§ 1915A(b) and 1915(e)(2)(B)**

This case is before the Court for review of pro-se inmate Noe Paramo Castaneda ("Castaneda")'s case under the screening provisions of 28 U.S.C. §§ 1915A(b)(1) and 1915(e)(2)(B). Having reviewed the operative pleading, the Court finds that Plaintiff's claims and allegations against the lone defendant must be **DISMISSED** with prejudice under authority of these provisions.

**I.    BACKGROUND**

Plaintiff Castaneda filed a completed form civil rights complaint with a supporting typed brief. Compl. 1-4, ECF No. 1; Brief 1-16, ECF No. 2. Castaneda remains housed in FDC-Oakdale in Oakdale, Louisiana. Compl. 5, ECF No. 1. In the form complaint, Plaintiff named as defendant Drug Enforcement Agent ("DEA") Greg A. Jones, and other unnamed DEA officers. Compl. 3, ECF No. 1. Castaneda provided the following state of claim:

> On or about November 12, 2018, through December 4, 2018, Officer Greg A. Jones and others, unknown agents of the DEA did confide, conspire and orchestrated a false criminal investigation. On December 5, 2018, filed a false statement in an affidavit, in wanton disregard for the truth, to obtain a false search and seizure warrant in state court, without justifiable legal means to execute a

1

> search on the Plaintiff's residence, using deadly force against the Plaintiff causing serious bodily harm, humiliation, mental suffering and false imprisonment.

Compl. 3, ECF No. 1. Castaneda seeks to dismiss the charges brought against him and he also seeks compensatory and punitive damages for "humiliation, physical and mental suffering, permanent health consequences from the Agent's illegal and unconscionable conduct." Compl. 4, ECF No. 1.

In the supporting brief, which is essentially a supplemental complaint, Castaneda acknowledges the conviction arising from the factual allegations he makes in this suit. He writes:

> On February 6, 2019, Plaintiff and co-defendant Victor Leonel Ortiz-Alvarez, were named in a one-court information, filed in the Northern District of Texas, Fort Worth Division. The information charged Plaintiff and co-defendant with: Conspiracy to possess with intent to distribute a controlled substance, methamphetamine, in violation of 21 U.S.C. §§ 846 and 841(a)(1) and (b)(1)(B). Plaintiff upon the deceitful and misleading advise of his court appointed counsel, plead guilty to the offense. And on June 14, 2019, was sentenced to 180 months (15-years) or imprisonment. Plaintiff has been in continuous custody since his arrest on December 5, 2018, and has served four (4) years and four months of his fifteen-year sentence.

Brief 7, ECF No. 2.

Castaneda recites that he and Ortiz-Alvarez had been investigated in February - March 2017 for their involvement in delivering methamphetamine from Mexico into Fort Worth, Texas. Brief 2, ECF No. 2. He writes that in early November 2018, the DEA through a confidential source, tracked the status of their conversion of the methamphetamine from liquid to crystalized for shipment. *Id.* at 3. This led to surveillance of a Fort Worth residence at 5628 Carver Drive in Fort Worth, Texas occupied by Plaintiff, and on December 5, 2018 a search warrant and arrest of Castaneda. *Id.* at 4. He acknowledges the seizure included numerous items "known to be used in the production of methamphetamine." *Id.* at 4. Castaneda recites a Statement of Facts setting

forth his allegation against defendant Jones:

> On December 5, 2018, at 3:38 PM, in the Tarrant County Criminal Court for the State of Texas, Officer Greg A. Jones acting in his individual capacity, as the affiant and Peace Officer of the State of Texas, obtained a search warrant (Warrant No. 40381) for the premises located at 5628 Carver Drive, Fort Worth, Texas. The warrant was allegedly issued by Judge Chris Wolfe of the aforementioned court and filed with the District Clerk, Thomas A. Wilder . . . on December 5, 2018. Officer Gregory A. Jones, along with investigators from the Dallas HIDTA Western Drug Squad, requested the Fort Worth SWAT team to execute the warrant on 5628 Carver Drive.
>
> Officer Greg A. Jones, while acting in his individual capacity, under federal authority, did knowingly and unconscionably, and along with agents of the Drug Enforcement Agency (DEA), use fraudulent and corruptive means to enduce, order and coordinate the execution of a false search and seizure warrant on the premises rented by the Plaintiff. Being 5628 Carver Drive, Fort Worth, Texas. The FWPD at the direction of these federal agents, under claim of federal authority, acted without a warrant in connection with his arrest and search relating to the narcotics violations in this case by the Plaintiff. These agents, acting under false pretenses, without a warrant and without probable cause, introduced over then (10) chlorobenzalmalononitrile gas (CS) into the residence, and used deadly and unreasonable force in effecting his arrest, subjecting him to a false accusation and imprisonment.

Brief 7-8, ECF No. 2.

Castaneda claims that in 2021 and 2022 he sought to obtain copies of the search warrant and seizure warrant, along with copies of the inventory of seized property, but the response "did not comply with the requested material," such that he now has newly discovered evidence that there was no warrant or proof of one, and no inventory or receipt of alleged evidence, and a "manipulation of the judicial system and acts of judicial misconduct." Brief 8-10. ECF No. 2.

Castaneda also contends that the introduction of CS gas into the Carver Street residence on December 5, 2018 "caused serious long term damage to his respiratory system, including damages to his lung tissue, Plaintiff's diagnosis requires him to take medications: "90 Mgm

3

Albuterol Sulfate inhalant aerosol; 18 mcg capsules of Spriva handihaler (Titropium bromide inhalation powder); 220 mcg Asmanex twist haler (Mometasone Furoate inhalation powder); 19 mcg Montelukast sodium tablets." [sic] Brief 10, ECF No. 2.

Plaintiff alleges a Fourth Amendment violation because he was "detained unlawfully, judged and imprisoned on a probable cause finding that relied on fabricated evidence." Brief 11, ECF NO. 2. He also alleges that "Plaintiff's probable cause determination was predicated solely on the prosecutor's presentment of Officer Greg A. Jones' false statements, allowing Plaintiff to have been confined without constitutionally adequate justification, resulting in false imprisonment." Brief 11, ECF No. 2.

Records of this Court confirm that Castaneda was prosecuted in *United States v. Castaneda*, No. 4:19-cr-032-A. That case was initiated upon the criminal complaint prepared by DEA Task Force Officer Gregory A. Jones. Complaint, No. 19-cr-032-A (ECF No. 1). After the filing of a Felony Information, the docket shows that Castaneda entered a Factual Resume ("FR") to conspiracy to possess with intent to distribute a controlled substance (methamphetamine) (in violation of 21 U.S.C. § 846, and 21 U.S.C. §§ 841(a)(1) and (b)(1)(B)). Information, FR. No. 4:19-cr-032-a (ECF Nos. 19 and 25). In the FR in the criminal case, Castaneda stipulated to the following facts:

> In 2018, Victor Leonel Ortiz Alvarez coordinated the delivery of methamphetamine in liquid form from Mexico to Fort Worth, Texas, Ortiz Alvarez worked with Noe Paramo Castaneda in converting liquid methamphetamine to crystal methamphetamine that was later distributed to others. In this manner, Victor Leonel Ortiz Alvarez and Noe Paramo Castaneda conspired with each other and others to possess more than 50 grams of methamphetamine with the intent to distribute it.

FR 2, No. 4:19-cr-032-A (ECF No. 25). Castaneda was found guilty and assessed a sentence of

180 months imprisonment. Judgment 1, No. 4:19-cr-032-A (ECF No. 57). He filed a direct appeal, and his judgment and sentenced were affirmed. *United States v. Castaneda*, 830 F. App'x 754 (5th Cir. Dec. 9, 2020). Castaneda also sought and was denied relief under 28 U.S.C. § 2255, in civil case number 4:21-cv-635-A. *Castaneda v. United States*, No. 4:21-cv-635-A (N.D. Tex. Jul 26, 2021) (Mem. Op and Order and Final Judgment). He also sought relief under 28 U.S.C. § 2241, which was summarily dismissed for lack of jurisdiction. *Castaneda v. United States*, No. 4:23-cv-507-P (N.D. Tex. June 6, 2023 Order and Judgment). And, most recently his petition to attack his underlying federal conviction under 28 U.S.C. § 2254 was dismissed for lack of jurisdiction. *Castaneda v. United States*, No. 4:23-cv-893-P (N.D. Tex. Oct. 24, 2023 Order and Judgment).[1]

## II.     LEGAL STANDARD OF REVIEW UNDER §§ 1915A and 1915(e)(2)(B)

Plaintiff Castaneda is an inmate who has been permitted to proceed in forma pauperis. As a part of the Prison Litigation Reform Act ("PLRA"), Congress enacted 28 U.S.C. § 1915A, which requires a district court to review and screen a complaint from a prisoner seeking relief from a governmental entity, officer, or employee as soon as possible after docketing. *See* 28 U.S.C. § 1915A(a). Because Castaneda is proceeding in-forma-pauperis, his pleadings are also subject to screening under 28 U.S.C. § 1915(e)(2). Both § 1915(e)(2) and § 1915A provide for *sua sponte* dismissal of the complaint or any portion thereof, if it is frivolous, malicious, fails to state claim upon which relief may be granted, or seeks monetary relief from a defendant who is immune from such relief. *See* 28 U.S.C. §§ 1915(e)(2)(B) and 1915A(b).

A complaint is frivolous when it "lacks an arguable basis either in law or in fact."

---

[1] The Court takes judicial notice of the records of these cases in the United States District Court

*Neitzke v. Williams*, 490 U.S. 319, 325 (1989). A claim lacks an arguable basis in law when it is "based on an indisputably meritless legal theory." *Id.* at 327. A claim lacks an arguable basis in fact when it describes "fantastic or delusional scenarios." *Id.* at 327-28. A complaint fails to state a claim upon which relief may be granted when it fails to plead "enough facts to state a claim to relief that is plausible on its face." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007); *accord Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009). To avoid dismissal for failure to state a claim, plaintiffs must allege facts sufficient to "raise the right to relief above the speculative level." *Twombly*, 550 U.S. at 555. Mere "labels and conclusions" or "a formulaic recitation of the elements of a cause of action" do not suffice to state a claim upon which relief may be granted. *Id.*

### III.   ANALYSIS

#### A.   Claim Barred by Statute of Limitations

Because Castaneda has named as defendants a particular DEA agent, Gregory A. Jones, and other unknown DEA agents, the Court has considered his claims for relief under the constitution as brought under *Bivens* v. *Six Unknown Named Agents of the Federal Bureau of Narcotics* (*"Bivens"*). 403 U.S. 388 (1971). Compl. 2-4, ECF No. 1. The Supreme Court, in*, Bivens* recognized an individual's right to seek recovery for violation of constitutional rights by a person acting under color of federal law. 403 U.S. at 297. The *Bivens* decision is the counterpart to 42 U.S.C. § 1983, and extends the protections afforded under § 1983 to parties injured by federal actors. *See Evans v. Ball*, 168 F.3d 856, 863 n. 10 (5th Cir. 1999) ("A *Bivens* action is analogous to an action under § 1983--the only difference being that § 1983 applies to

---

for the Northern District of Texas. *See* Fed R. Evid. 201(b)(2) and (c)(1).

constitutional violations by state, rather than federal officials"*), overruled on other grounds, Castellano v. Fragozo*, 352 F.3d 939, 948-49 & n. 36 (5th Cir. 2003).

As one of the allegations and claims brought in the complaint, Castaneda asserts that on December 5, 2018, officers working at the direction of the DEA fired CS gas into the residence he was occupying at 5628 Carver Drive, Fort Worth, Texas. Brief 10-11, ECF No. 2. The United States Court of Appeals for the Fifth Circuit held that a *Bivens* action is controlled by the applicable state statute of limitations. *See Brown v. Nationsbank Corp.*, 188 F.3d 579, 590 (5th Cir. 1999) (citing *Alford v. United States*, 693 F.2d 498, 499 (5th Cir. 1982)). In Texas, the applicable limitations period is two years. *See Moore v. McDonald*, 30 F.3d 616, 620 (5th Cir. 1994) (noting that district courts in Texas must use Texas's general two-year, personal injury limitations period); *see* Tex. Civ. Prac. & Rem. Code 16.003(a) (Texas's two-year personal injury limitations statute). Thus, the applicable limitations period on a *Bivens* claim filed in Texas is two years. *Brown*, 188 F.3d at 590 (citing *Pena v. United States*, 157 F.3d 984, 987 (5th Cir. 1998)).

A district court may dismiss claims *sua sponte* under § 1915 where it is clear from a review of the complaint that the alleged claims are barred by the applicable statute of limitations. *Moore*, 30 F.3d at 620 (citing *Gartrell v. Gaylor*, 981 F.2d 254, 256 (5th Cir.1993)); *see also Fleming v. United States*, 538 F. App'x 423, 425 (5th Cir. 2013) (affirming sua sponte dismissal of *Bivens* claims under § 1915A(b)(1) as limitations barred). Federal courts look to federal law to determine when a civil-rights action accrues, and under federal law a cause of action accrues when the plaintiff knows or has reason to know of the injury that is the basis for his action. *See Harris v. Hegmann*, 198 F.3d. 153, 157 (5th Cir. 1999) (citing *Jackson v. Johnson*, 950 F.2d 263, 265 (5th Cir. 1992)). The Court sees no reason that Plaintiff Castaneda did not know of the injury he alleges resulted from the firing and exposure to CS gas into his home at the time it took

place in December 2018.

Plaintiff 's suit papers were received and filed on May 23, 2023. Compl. 1, ECF No. 1. But Castaneda's allegations about exposure to CS gas took place on December 5, 2018. Thus, Castaneda's claims arising from the exposure to CS gas are barred by the applicable statute of limitations.

### B. Remaining Claims-Application of *Heck v. Humphrey*

In the balance of his complaint, Castaneda is seeking relief from this Court against the alleged lack of probable cause resulting in an illegal arrest warrant, and wrongful search, seizure and arrest, related to his conviction in this the United States District Court for the Northern District of Texas.

In *Heck v. Humphrey*, 512 U.S. 477 (1994), the Supreme Court held that when a successful civil rights action would necessarily imply the invalidity of a plaintiff's conviction or sentence, the claim must be dismissed unless the plaintiff demonstrates that the conviction or sentence has been reversed on direct appeal, expunged by executive order, declared invalid by a state tribunal authorized to make such a determination, or called into question by a federal court's issuance of a writ of habeas corpus. *Id*. at 486-87. A plaintiff does so by achieving "favorable termination of his available state, or federal habeas, opportunities to challenge the underlying conviction or sentence." *Muhammad v. Close*, 540 U.S. 749, 751 (2004) (per curiam). "[T]he *Heck* determination depends on the nature of the offense and of the claim." *Arnold v. Slaughter*, 100 F. App'x. 321, 323 (5th Cir. June 14, 2004) (citations omitted).

As Castaneda acknowledged in his brief and as recited above, he ultimately was convicted in the United States District Court for the Northern District of Texas in cause number 4:19-cr-032-A of conspiracy to possess with intent to distribute a controlled substance (methamphetamine) in violation of 21 U.S.C. §§ 846 & 841(a)(1) and (b)(1)(B), and sentenced to

8

a term of 180 months' imprisonment. *See United States v. Castaneda*, No. 4:19-cr-032-A (N.D. Tex. June 14, 2019 Judgment). Plaintiff seeks relief in this case that includes asking this Court "to dismiss the case against him." Compl.4, ECF No. 4. A ruling in favor of Plaintiff's multiple claims that the individual defendants subjected him to an unlawful arrest and illegal search and seizure, would necessarily imply the invalidity of his conviction. *See Williams v. City of Dallas Police Dept.,* No. 3-09-CV-275-P, 2009 WL 812239, at *3 (N.D. Tex. March 26, 2009) (reciting numerous challenges pursued in civil rights claim that would imply the invalidity of a pending criminal case and therefore barred under the *Heck* doctrine). Plaintiff is therefore precluded from bringing all such claims in a civil rights action unless the conviction has been set aside. *See, e.g. Conlan v. King*, 682 F. App'x 345 (5th Cir. 2017) (claims of false arrest, forced self-incrimination, and illegal seizure of evidence barred by *Heck*); *Villegas v. Galloway*, 458 F. App'x 334, 337 (5th Cir. 2012) (civil rights claims such as ineffective assistance of counsel, use of perjured testimony and fabricated evidence, and suppression of favorable evidence are barred by *Heck*); *Tyler v. Cedar Hill Ind. School Dist.*, No.3:09-cv-2469-G, 2010 WL 1233455, at *2 (N.D. Tex. March 3, 2010) (claims of illegal search, false imprisonment, unlawful arrest and wrongful interrogation are barred by the rule in *Heck*), *rep. and rec. adopted,* 2010 WL 1233458 (N.D. Tex. March 29, 2010); *Berry v. Grett*, No. 3:08–cv–1052–M, 2008 WL 3382572 at *3 (N.D. Tex. Aug. 4, 2008) (civil rights claims of false arrest, ineffective assistance of counsel, that prosecutor withheld favorable evidence, and that judge was biased, all barred by *Heck*).

Because *Heck v. Humphrey* applies to Castaneda's claims, in order to proceed with this civil rights case, he must demonstrate that his allegedly improper conviction has been reversed, invalidated, or expunged prior to bringing these civil claims for violation of his constitutional rights. A review of the docket of the criminal case *United States v. Castaneda*, No. 4:19-cr-032-A shows that Castaneda filed a direct appeal without success and sought relief under 28 U.S.C. §

9

2255 that was denied. His additional efforts to challenge the conviction were dismissed. Thus, Castaneda has not shown that he has obtained relief against his conviction. Because Castaneda has failed to make a showing that his conviction has been set aside in the manner listed in *Heck v. Humphrey,* his remaining civil rights claims are not cognizable at this time. The claims are "legally frivolous" within the meaning of 28 U.S.C. § 1915 and should be dismissed "with prejudice to their being asserted again until the *Heck* conditions are met." *Johnson v. McElveen*, 101 F.3d 423, 424 (5th Cir. 1996); *see also Edwards v. Balisok*, 520 U.S. 641, 649 (1997); *Boyd v. Biggers*, 31 F.3d 279, 283-84 (5th Cir. 1994).

IV.     **CONCLUSION and ORDER**

It is therefore **ORDERED** that all Plaintiff Noe Paramo Castaneda's claims for alleged exposure to CS gas chemicals during a December 2018 arrest are **DISMISSED WITH PREJUDICE** under 28 U.S.C. § 1915A(b)(1) and 28 U.S.C. § 1915(e)(2)(B)(i) and (ii).

It is further **ORDERED** that all Plaintiff Paramo Castaneda's remaining claims are **DISMISSED** with prejudice to their being asserted again until the *Heck v. Humphrey* conditions are met, pursuant to 28 U.S.C. § 1915A(b)(1) and 28 U.S.C. § 1915(e)(2)(B)(i) and (ii).2

**SO ORDERED** this **26th day** of **October, 2023.**

_____
Reed O'Connor
UNITED STATES DISTRICT JUDGE

---

[2] *See Johnson v. McElveen,* 101 F.3d 423, 424 (5th Cir. 1996).